UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

UNITED STATES OF AMERICA                            NOTICE OF MOTION

v.

DIJON HARRIS

                                      Docket No. 14-CR-177-RJA-JJM

                    Defendant

-------------------------------------------------------------------

**MOTION BY:** Defendant DIJON HARRIS by his attorney MICHAEL M. BLOTNIK, ESQ., 300 Delaware Avenue, Buffalo, NY 14202

**RETURN DATE:** March 5, 2015 at 10:00 AM before Hon. Jeremiah J. McCarthy 2 Niagara Square, United States Magistrate Judge, U.S. Courthouse, Buffalo, NY 14202

**SUPPORTING PAPERS:** Affirmation of MICHAEL M. BLOTNIK, ESQ., sworn to the 22nd day of January 2015 and all other pleadings and proceedings had herein

**RELIEF REQUESTED:**

1. Discovery pursuant to Federal Rules of Criminal procedure, Rule 12 and 16;
2. Providing the Defendant with a Bill of Particulars pursuant to Federal Rules of Criminal Procedure, Rule 7(f);
3. Disclosure of Evidence pursuant to Federal Rules of Evidence 403, 404(b), and 609;
4. Disclosure of Experts pursuant to Federal Rules of Criminal Procedure, Rules 12 and 16;
5. Suppression of illegally seized evidence pursuant to Rule 12;
6. Motion to search personnel files of Government Agent witnesses;
7. Motion for revelation of identity of informants;
8. Motion to preserve evidence;
9. Motion for Government disclosure pursuant to Rule 807
10. Such other and further relief as this Court should deem proper.

DATED: January 22, 2015
       Buffalo, New York

Respectfully submitted,
/s/ Michael M. Blotnik
MICHAEL M. BLOTNIK, ESQ.
Attorney for Defendant, DIJON HARRIS
STEINER & BLOTNIK
300 Delaware Avenue
Buffalo, NY 14202
(716) 847-6500; Fax: (716) 847-0705
mblotnik@steinerblotnik.com

TO:    WILLIAM HOCHUL, JR., ESQ.
United States Attorney
Attn: AUSA WEI XIANG, ESQ.
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, NY 14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------

UNITED STATES OF AMERICA                    ATTORNEY AFFIRMATION

v.

DIJON HARRIS                                       Docket No. 14-CR-177
                          Defendant.
-----------------------------------------------------------------------

MICHAEL M. BLOTNIK, ESQ., affirms under penalties of perjury that:

1.     I am the attorney for the defendant DIJON HARRIS, a defendant in the above-entitled action, and is fully familiar with the facts of the action from interviews with the defendant and previous pleadings and proceedings herein where based on information and belief, my statements are based on my independent investigation, documents and pleadings filed by the Government, or interviews with clients and witnesses.

2.     By the above-referenced indictment, Mr. HARRIS is charged in Count1 with Possession of Heroin with Intent to Distribute, 21 U.S.C. §841(a)(D); in Count 2, Maintaining Drug- Involved Premises, 21 U.S.C. §§ 856(a) (1) in Count 3 with Possession of Firearms in Furtherance of Drug Trafficking, 18 U.S.C. /§924 (c) (1) (A) (c); in Count 4 with Possession of Firearms by an Armed Career Criminal, 18 U.S.C. §922 (g) (1) and 924 (e) and three Forfeiture Counts.

## DISCOVERY

3.     The defendant respectfully requests that the following items, if any such items or information exist, be disclosed to the defendant pursuant to Federal Rules of Criminal Procedure, Rule 16:

  a)  Any written or recorded statements as well as "the substance of
      any oral statement" made by the defendant to a Government
      Agent, including statements of the Defendant which may have
      been secretly recorded. *United States v. Bryant*, 448 F2d 1182 (DC
      Cir. 1971). As well as any agent's summaries concerning the
      substance of the Defendant's oral statements *United States v.*

*Johnson*, 525 F.2d 999 (2d Cir. 1975).

    b) The Defendant's prior criminal record and any prior similar or bad acts which the Government intends to introduce at trial.

    c) Any documents, or tangible objects including drugs seized, which the Governments intends to use at trial, or is material to the defense, or was obtained from the Defendant, including source, date and time of recovery of such evidence.

    (d) All physical examinations, mental examination, scientific reports, test or experiments and all findings, scientific or technical data upon which such reports are based. *United States v. Bel-Mar Laboratories*, 284 F. Supp 875 (EDNY 1968).

4.    Production of Jencks Act material (18 U.S.C. 3500), *Brady* material and *Giglio* material [ *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972)] prior to trial to avoid "those abhorrent lengthy pauses at trial to examine documents." *United States v. Percevault*, 490 F.2d 126 (2d Cir. 1974). Defendant also requests that any *Brady* or *Giglio* material necessary to the preparation of the defense, not to be turned over as voluntary discovery, but immediately turned over to the defense. *Grant v. Aldredge*, 498 F. 376 (2d Cir. 1974)

    a) The Defendant specifically requests that the statement of any known co-conspirators be produced as *Brady* material, if the Government intends to introduce them at trial. *Dennis v. United States*, 384 U.S. 855 (1966). The Defendant believes the Government will seek to attribute these statements to the Defendant under Federal Rules of Evidence 801 (d) (2) (E).

    b) The Defendant also seeks any "negative exculpatory" statements as *Brady* materials pursuant to *Jones v. Jago*, 575 F.2d 1164 (6th Cir. 1978).

    c) The Defendant, specifically, seeks any evidence that could be used to impeach Government witness pursuant to *Giglio*, specifically: any past, present or future benefits to Government witnesses as a result or in relation to their cooperation with the prosecutor, prior convictions or juvenile adjudication attributable to witnesses to be called by the prosecution, including but not limited to "rap sheets" any threats, express or implied, or other coercive measures directed against any witness, such as threats of criminal prosecution, investigation or potential prosecution, and probationary, parole, deferred prosecution or custodial status of the witness; any information as to any prospective prosecution witness having a history of mental or emotional disturbance; any information that any prospective Government witness has a narcotic or other drug habit.

5.    The identities and addresses of any Government informants. The Defendant

asserts that he is entitled to know the identity of any informant who was a witness to, or who participated in the criminal transaction. *Rorlaro v. United States*, 353 U.S. 53 (1957).

## BILL OF PARTICULARS

6.     The Defendant maintains that he is entitled to a Bill of Particulars as the indictment fails to set forth the facts essential to inform him of the charges against him. *United States v. Panza*, 750 F. 2d 1141 (2d Cir. 1984).

7.     The Defendant herein moves for particularization pursuant to Rule 7 (f) of the Federal Rules of Criminal Procedure:

    a)  For each person identified by the Grand Jury as "known" to the Grand Jury, providing the identity of that person.
    b)  What, if any, evidence seized by the Government constitutes an illegal substance and its total weight.

8.     As the Court well knows, Rule 7(f) of Federal Rules of Criminal Procedure permits the Court to direct the filing of a bill of particulars. As recognized by the Second Circuit, a bill of particulars has three functions: (1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, indefinite for such purposes. *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987).

9.     In accordance with these principals, we request that the specified particulars be supplied as without such information, counsel's ability to prepare a defense is significantly impaired and it is likely that prejudicial surprise at trial will occur.

It is respectfully requested that the defense motion for a bill of particulars be granted.

## HEARING UNDER FEDERAL RULES OF
## EVIDENCE 403,404 (b) AND 609

10.     It is respectfully requested that this Court make an advance ruling pursuant to Federal Rules of Evidence 403, 404 (b), and 609, prohibiting the Government's use of prior convictions or proof of the prior commissions of other crimes, wrongs or acts, either in its direct case or to impeach the Defendant.

its direct case or to impeach the Defendant.

11.    In the event that an evidentiary hearing is necessary, this Defendant respectfully requests such a hearing and the opportunity to present proof that the prejudicial effect of such evidence outweighs its probative value.

12.    Moreover, it is requested that the Government be compelled to divulge any and all specific instances of other crimes, wrongs or acts which it plans to use at the trial of this indictment for any other reason under Federal Rules of Evidence 404 (b).

## DISCLOSURE OF EXPERTS

13.    Pursuant Federal Rules of Criminal Procedure, Rules 12 and 16, the Defendant seeks disclosure of any expert witness reports obtained by the Government for use in the trial of this indictment, as well as the names of such experts, their qualifications, and a synopsis of their expert testimony.

## DISCLOSURE OF ALL SENTENCING
## GUIDELINE INFORMATION

14.    Early disclosure of sentencing guideline information is essential to secure the Defendant's rights to effective assistance of counsel under the Sixth Amendment.

15.    The Defendant asserts that under *Brady v. Maryland*, 373 U.S. 83 (1963) the Government must disclose any information favorable to the Defendant regarding punishment.

16.    The Defendant requests the Court to order the Government to disclose prior to trial the following Sentencing Guidelines information:

    a)  The offense guideline or guidelines the Government presently represents is applicable to the charges against the Defendant:

    b)  The base offense level the Government presently represents is applicable to the charges against the Defendant, including a showing of the method by which the Government represents the charges should or should not be grouped;

    c)  Any aggravating specific offense characteristics the Government intends to seek as applicable to the charges against the Defendants;

    d)  Any Chapter Three "adjustments" regarding victim, role,

e) Whether the Government intends to take a position that the "career offender" provisions of § 4B1.1 apply to the Defendant in the case;

f) The Defendant's criminal history, including all judgments of conviction, sentence imposed thereon, all release dates from all committed sentences, and expiration dates of all terms of probation and parole;

g) The grounds, if any, upon which the Government will argue for an upward modification from the applicable guideline range, including but not limited to any argument regarding the adequacy of the criminal history category as determined by § 4A1.3;

h) The existence of any facts, information, or other evidence that could give rise to an argument for a downward departure from the applicable guideline range, included but not limited to the provisions of § 5 K;

i) The weight of the cocaine and or cocaine base the Government will seek to use for sentencing purposes, whether actual or estimated and how that amount was foreseeable to the Defendant. If the weight is estimated, state the factual basis which supports this estimate;

j) Whether the Defendant was a minor or minimal participant § 3B1.2;

k) Whether the Defendant acted under duress or coercion not rising to a complete defense § 5K2.1.

**SUPRESSION OF ILLEGALLY SEIZED EVIDENCE**

17.     That Mr. Harris moves to suppress any and all evidence obtained through any and all illegal searches and seizure. Counsel was provided with a copy of the search warrant for the premises, which apparently was executed by various officers. The search warrant was signed by Supreme Court Judge Timothy J. Drury and was addressed to "Any Erie County Sheriff's Deputy Assigned to the Police Service Division". No other law enforcement agents were given permission by the issuing judge to enter in or search the premises. (See Exhibit A Search Warrant d. 9/5/14)

18.     The search warrant was based upon the application of Erie County Sheriff's Detective Timothy Donovan. Det. Donovan indicated that a "confidential source" informed him that defendant "is selling and storing quantities of heroin from his residence located at 335 Hewitt Avenue. The CS has purchased heroin from Harris at his residence within the past ten

(10) days." (See Exhibit B Search Warrant Application d. 9/5/14)

19.     Det. Donavan also indicated the "CS" had pointed out to him the defendant's residence.

20.     Paragraph 2 (c) (1) of the application states:

On September 5th, 2014, I brought the aforesaid confidential
source before the Honorable Timothy J. Drury, the judge issuing
this warrant. Said cooperating source was fully and completely
identified to Judge Drury and after being sworn, did testify under
oath as to his/her knowledge concerning the persons, places, and
things which are subject of this search warrant.

21.     The officer also indicated that a record of the "*in camera*" testimony of the informant "has been made and preserved."

22.     Counsel wishes that this Court order the prosecution to provide to the defense the "record" of the *in camera* testimony of the informant. Counsel reserves his right to make further motions based upon the information provided in the *in camera* records.

23.     There is no indication in the application whether the informant had actually walked into the address of 335 Hewitt Avenue. As a consequence, there was no basis to believe that the informant had purchased drugs from inside that premises. Rather, we believe that at best, the informant may have been to the address without knowing where the alleged heroin could be located or where he/she made a purchase of heroin.

24.     While the affidavit for the search warrant indicates that the informant was "reliable" no information was set forth to establish the reliability of the informant.

25.     During the search of the premises an officer took defendant's car keys, entered and searched defendant's automobile, a 2011 Lincoln MKX, which was parked outside of the home. The vehicle was not covered under the search warrant for the premises.

26.     The officers, without a search warrant, consent or permission, entered defendant's automobile, searched it and drove it away. (See Exhibit C Property Receipt)

27.     Three (3) days later (9/8/14) the officer returned to the Judge Drury to obtain a search warrant for the 2011 Lincoln MKX, long after they had already searched the vehicle.(Exhibit D Search Warrant dated 9/8/14)

28.     Therefore all the reasons set forth herein, this Court should controvert the search

warrants and suppress any evidence seized inside and or in the vehicle. We reserve our right to supplement this motion.

## STATEMENTS

29.     Mr. Harris has advised that when the officers came into the home, his person was seized, cuffed and was placed in the prone position on the floor in the bedroom on the first floor. Defendant has advised that he has no recollection whatsoever of his being read any *Miranda* warnings.

30.     Mr. Harris has also stated that he was questioned while he was in custody and made various statements. (See Exhibit E)

31.     Because the questioning was custodial, and because Mr. Harris has indicated he doesn't believe that any *Miranda* warnings were given to him or warnings consisted with what counsel knows to be *Miranda* warnings, the statements must be suppressed.

32.     As a consequence, counsel asks that the Court conduct a hearing to determine the admissibility of any statements.

## MOTION FOR SEARCH OF PERSONNEL
## FILES OF GOVERNMENT AGENT WITNESS

33.     The defendant Harris hereby moves this Court, pursuant to previsions of Rule 12 of the Federal Rules of Criminal Procedure, and the Fifth and Sixth Amendments to the Constitution of the United States, for an Order requiring the Government, pursuant to the authority of *Kyles v. Whitely*, 514 U.S. 419 (1995) and *United States v. Payne*, 63 F.3d 1200 (2d Cir. 1995), to search the personnel files and the records of any Government agent or police witness in this case to determine whether there exists *Brady* or *Giglio* materials disclosed to the defense.

34.     Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the Government is required to disclose to the defense any and all evidence in its possession favorable to the Defendant on the issue of guilt or punishment. In *Giglio v. United Stated*, 405 U.S. 150 (1972), the Supreme Court held that impeaching evidence which tended to show that a Government witness was not credible

was properly classified as *Brady* material. The Government's failure to produce such material was held to be in violation of *Brady* and the Due Process Clause of the Fifth Amendment.

35.     In *United States v. Kiszewski*, 877 F.2d 210 (2d Cir. 1989), the Second Circuit Court of Appeals recognized that such material may be contained within the personnel files of a Government witness, such as a police officer. See also, *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984). Such material could include previous acts of misconduct, dishonesty, or facts constituting proof of bias, thereby constituting *Giglio* material. In the *United States v. Payne*, 63 that F.3d 1200 (2d Cir. 1995), the Second Circuit noted that the prosecution has a duty to learn of favorable evidence known by others acting on their behalf, including the police. Citing, *Kyles v. Whitely*, 514 U.S. 419 (1995). Similarly, in *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), the Ninth Circuit held that upon request, that the prosecutor has an obligation to review police witness personnel files for a determination as whether possible *Brady* materials exists, and to turn over such material if it does exist. See also, *United States v. Santiago*, 46 F.3d 885, 894-95 (9th Cir. 1995)

36.     In this case, pursuant to Kyles and Payne, the Defendant respectfully request that the Court order the Government to undertake the review of the personnel files of any Government witness for *Brady* and *Giglio* material and to specifically seek evidence of acts of dishonesty, false statements, mental or emotional disorder or instability, bias prejudice, interest, corruption, or any evidence of a physical or mental infirmity or lack of capacity (for instance to observe, see or hear because of physical or health problems).

37.     In the event of the prosecution's finding of potentially discoverable material, the Defendant Harris requests that the files be given to the defense, or, in any event, submitted to the Court for an *in camera* review.

WHEREFORE, it is respectfully requested that the defense motion for search of personnel files be granted.

## MOTION FOR REVELATION OF
## IDENTITY OF INFORMANTS

38.     Defendant Harris hereby moves this Court, pursuant to the provisions of Rule 16 of the Federal Rules of Criminal Procedure and the Fifth Amendment to the United States

Constitution, for an Order requiring the government to disclose the following information:

(a)    The identity of any and all informants possessing information which may be material to defendant's alleged guilt or innocence;

(b)    The identity of any and all informants who were present at any of the events which are described in the instant indictment;

(c)    Any and all government reports containing information received from any informant referenced above which may be material to the instant case.

39.    This motion is made on the grounds that the informants are percipient witnesses to the allegations contained in the instant indictment, and may also possess exculpatory and exonerating information. With respect to item No. (c), Mr. Harris requests these reports on the ground that, to the extent he has been unable to review reports containing factual information relayed by that informant, he has been unable to lay proper factual foundation for the disclosure of the informant. At a minimum, defendant seeks to have all reports described above submitted *in camera* to the Court for review and subsequent disclosure to counsel. In the event that the Court does not compel disclosure of this information and the identities of the informants, Defendant respectfully requests that all government reports be sealed and made part of the record in the instant case.

(a)    The Government is obliged to disclose the Identity and Whereabouts of informants and to make them available to the defense.

40.    In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623 (1957), the United States Supreme Court held that whenever an informant's testimony may be relevant and helpful to the accused's defense, his or her identity must be revealed. The *Roviaro* Court set forth the following general standard for disclosure:

> Where the disclosure of an informant's identity or the contents of his communications is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the privilege must be waived. In these situations, the trial court may require disclosure and, if the government withholds the information, dismiss the action.

*Roviaro v. United States, supra*, 353 U.S. at 60-61.

41.    The Court made clear that, while there is no fixed rule with respect to disclosure, four considerations are relevant:  (1) the crime charged; (2) the possible defenses; (3) the

possible significance of the informant's testimony; and (4) other relevant factors.

42.    The "relevant and helpful" language of *Roviaro* has been interpreted by the Second Circuit "to require disclosure when it is material to the defense." *DiBlasio v. Keane*, 932 F.2d 1038, 1041-1042 (2d Cir. 1991). The *DiBlasio* Court recognized that:

> The judge must consider a number of factors in determining whether the informant's testimony is material: "the crime charged, the possible defenses, the possible significance of the informant's testimony and other relevant factors."

*Citing, United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089, 109 S.Ct. 1555 (1989), *quoting, Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623 (1957).

43.    Similarly, the Ninth Circuit requires disclosure of the identity of an informant when he or she is a percipient witness. Thus, in *United States v. Cervantes*, the Court recognized that a "percipient witness" must be disclosed:

> The government acknowledges that the informant Duque was a percipient witness to the transaction. It therefore supplied Cervantes with the informant's identity. *See, Roviaro v. United States*.

*United States v. Cervantes*, 542 F.2d 773, 775 (9th Cir. 1976) (en banc). The same result was reached in *United States v. Hernandez*:

> In light of [the informant'[s] role in the narcotics transaction with which appellants were charged, it cannot be said that disclosure of Smith's identity would not have been "relevant or helpful" to the appellant's defense . . . Because [the informant] was a participant in the events that were critical to the prosecution's case, no claim could be raised under *Roviaro*, nor was it raised, that [the informant's] identity could be lawfully withheld from the appellants. [Citations omitted].

*United States v. Hernandez*, 608 F.2d 741, 744-745 (9th Cir. 1979); *see also, United States v. Miramon*, 443 F.2d 361, 362 (9th Cir. 1971).

44.    The law is also clear that where an informant's testimony is essential to a fair determination, the government may be required to disclose his identity and address, if any. *United States v. Roberts,* 388 F.2d 646 (2d Cir. 1968). *See also, United States v. Anderson*, 509 F.2d 724 (9th Cir. 1975) (within the court's discretion to compel disclosure even when use of the informant goes only to probable cause). Further, the need for disclosure and production of the informant is mandated when the indictment contains a conspiracy charge and the informant could have information regarding either knowing membership in the conspiracy or possible

entrapment. *United States v. Hiramon, supra; Lopez-Hernandez v. United States*, 394 F.2d 820 (9th Cir. 1968); *Alexander v. United States*, 362 F.2d 379 (9th Cir. 1966).

45.    Obviously, it is not defendant, HARRIS's burden to prove what the informant would actually say if disclosed since the informant's unavailability makes that burden impossible to discharge in all cases. *See, e.g., United States v. Hiramon,* where disclosure should have been made because the informant "might have corroborated the (defendant's story)." *Id.* at 362. As stated by the Court in *United States v. Day:* "No matter how inert his role of participation he might still possess information relevant to a fair determination of the issues".

46.    As to all informants, the defense is entitled to a revelation of their whereabouts and addresses prior to trial so that sufficient investigation into their background can be made. As stated by the Court in *United States v. Hernandez:*

> We recognize that the address of a principal witness, as [the informant] most assuredly was, is an integral element of identity for without such information, little meaningful inquiry can be made into the background information affecting credibility.

*United States v. Hernandez*, 608 F.2d 741, at 745 (9th Cir. 1979).

47.    In this case, therefore, the location and present whereabouts of any and all informant[s] must be immediately disclosed so that an investigation may be made into the credibility and background of the informant[s] prior to trial. Further, any purported government assertion that there is some unspecified danger to informant[s] is insufficient to justify withholding the information concerning his or her whereabouts. As *Hernandez* makes clear, the decision concerning potential "danger" must be made only after an evidentiary hearing. *Hernandez, supra*, 608 F.2d at 745, fn.3.

48.    Finally, the government's obligation is not fully satisfied by merely disclosing the identity and location of the informant[s]. The defense here specifically requests that the informant[s] be produced. The Ninth Circuit has held that government has an obligation to "accomplish this or show that, despite reasonable efforts, it was not able to do so". *United States v. Hart*, 546 F.2d 798, 799 (9th Cir. 1976) (en banc). *See also, United States v. Cervantes, supra; Velarde-Villa Real v. United States*, 354 F.2d 9 (9th Cir. 1965).

49.    For the reasons cited above, it is apparent that each of the informant[s] in this case is a material witness. The government should be ordered to disclose the identity of that witness and his or her whereabouts, and to make those witnesses available to the defense. Failure to do

so would require dismissal of the case.

## MOTION TO PRESERVE EVIDENCE

50.     Defendant Harris hereby moves this Court for an Order directing the Government to preserve and retain intact and not to destroy, alter or "misplace" any evidence, tangible papers, reports, objects or other information relating in any way to this indictment, including, but not limited to, the various information and materials requested by the accused through pre-trial motions filed herein.

55.     As grounds therefore, the accused shows, as follows:

(a)     This motion does not demand, at this time, disclosure, discovery, inspection or production. It merely seeks to preserve evidence, directly admissible or otherwise and other information which may, at some future stage of the proceeding, be necessary or helpful to a proper resolution of this case consistent with the accused's theory of defense.

(b)     Included in this motion, by way of illustration only, would be the following, and any and all information relating to the following:

1.      Evidence, reports, notes or other information arguably subject to disclosure, discovery, inspection or subpoena pursuant to Rules 6(e), 7(a) and 17 of the Federal Rules of Criminal Procedure;

2.      Evidence, reports, notes or other information arguably subject to production or disclosure at trial pursuant to 18 U.S.C. § 3500 or Rules 612 or 613(a) of the Rules Evidence for the United States Courts and Magistrates; and

3.      Evidence, reports, notes or other information arguable favorable or useful to the accused regarding their guilt or innocence or concerning impeachment of prosecution witnesses; and/or

4.      Evidence, surveillance reports or witness interview notes and notes relative witnesses the prosecution does not intend to call at this time, but who the prosecution may wish to call as a witness at a pretrial hearing or a witness which the prosecution classifies as a "potential" or "prospective" witness at the trial itself.

(c)     Any of the above in the direct or indirect or constructive possession, care, custody or control of the prosecution may be required for scrutiny by the Court of defense counsel during the pre-trial and trial stages of this

The purpose of the attached motion is to preserve evidence. It is occasioned and necessitated by the administrative practice of alleged good-faith destruction of records by the Government, see e.g, *United States v. Bufalino*, 576 F.2d 446 (2d Cir. 1978) (retention of "rough" drafts and notes of written reports made during the course of the investigation), and *United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976), and by the caution which experience teaches.

52.　　The appropriate standard by which to gauge the Defendant's motion is a simple balancing test. The Defendant submits that the prosecution has no legitimate interest in the alteration or suppression of documents and little or no interest in their destruction. The incidental and slight burden which might be imposed upon the Government agencies involved by requiring them to retain their records intact as they pertain to this case until such time as the accused has an opportunity to inspect them is manifestly outweighed by their substantial interest in a fair trial and their right to due process of law. The nature and complexity of this case "tip" the scale even further in favor of granting the instant Motion. Indeed, the Defendant submits that the Government has an obligation to preserve all potentially discoverable evidence gathered in the course of a criminal investigation. *United States v. Bryant*, 439 F.2d 624 (D.C. Cir. 1971). Government notes of interviews with persons who are or may be witnesses, or with other persons who may have provided exculpatory evidence or information, are a type of material evidence which the Government must maintain. *United States v. Pollack*; *United States v. Harrison*, 524 F.2d 421 (D.C. Cir. 1975); *United States v. Johnson*, 521 F.2d 1318 (9th Cir. 1975). These matters are, in either case, properly discoverable by the Defendant.

WHEREFORE, it is respectfully requested that the defense motion to preserve evidence be granted.

## MOTION FOR GOVERNMENT DISCLOSURE
## PURSUANT TO RULES 807

53.　　Federal Rules of Evidence 807 provides that "a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant."

54.　　Similarly, Rule 804(b)(5) identical prior disclosure by the Government.

54.     Similarly, Rule 804(b)(5) identical prior disclosure by the Government.

WHEREFORE, it is respectfully requested that the Government immediately comply with the disclosure requirements set forth at Rule 807 if they intend to offer such evidence, or at any such time that they learn such evidence exists, and further your deponent requests that an Order be entered granting the relief sought in the annexed Notice of Motion and for such other and further relief as to this Court may seem just and proper, including leave to make further motions based on information received as a result of the within motion and other grounds not reasonably apparent to the Defendant.


DATED:  January 22, 2015
        Buffalo, New York

                              Respectfully submitted,
                              /s/ Michael M. Blotnik_____
                              MICHAEL M. BLOTNIK, ESQ.
                              Attorney for Defendant, DIJON HARRIS
                              STEINER & BLOTNIK
                              300 Delaware Avenue
                              Buffalo, NY 14202
                              (716) 847-6500; Fax: (716) 847-0705
                              mblotnik@steinerblotnik.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

UNITED STATES OF AMERICA                          AFFIDAVIT

v.

DIJON HARRIS                                      Docket No. 14-CR-177

              Defendant.

------------------------------------------------------------------

STATE OF NEW YORK:  )
COUNTY OF ERIE:     )
CITY OF BUFFALO:    )

      DIJON HARRIS, being duly sworn, disposes and says:

      1.     I am the Defendant in the above captioned action.

      2.     A search was executed at the address of 335 Hewitt Avenue, Buffalo, New York on September 5, 2014. I have spoken with my attorney, Michael M. Blotnik with regard to the issue contained therein.

      3.     At the time of the execution of the search warrant I lived at 335 Hewitt Avenue, Buffalo, New York and resided there for more than a year. As a result, according to my attorney, I have standing within which to request that the evidence seized therein be suppressed because I had reasonable expectations of privacy in the interior of the property.

      4.     On September 5, 2014 in the afternoon hours, police officers barged into my home. I was cuffed and placed into the prone position in a bedroom on the first floor. At some point, I was questioned about various items which officers advised me had been seized from the premises. The questions and my response to their questions took place after I was handcuffed. I was aware that I was in custody and was not free to leave or to move around in any way.

      5.     I have no recollection at all that any *Miranda* warnings were ever read to me prior to being interrogated. As a consequence, I am asking this Court to accept this affidavit and to order a hearing to determine the admissibility of any statements which are attributed to me.

WHEREFORE, your deponent prays that this Court rule accordingly.

_Dijon Harris_
DIJON HARRIS

Sworn before me this
24ᵗʰ Day of January 2015

NOTARY PUBLIC

**MICHAEL M. BLOTNIK**
**NOTARY PUBLIC, State of New York**
Qualified in Erie County
My Commission Expires September 30, 2017
Reg. No. 02BL4608173

**STEINER & BLOTNIK**
ATTORNEYS AND COUNSELORS AT LAW • 300 DELAWARE AVENUE • BUFFALO, NEW YORK 14202-1872 • (716) 847-8500

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------

UNITED STATES OF AMERICA

v.

DIJON HARRIS                                          Docket No. 14-CR-177
                        Defendant.

---------------------------------------------------------------------

## CERTIFICATE OF SERVICE

I, Christina Roskwitalski, hereby certify that on February 6, 2015, I electronically filed the
forgoing Defendant's Omnibus Motion with the Clerk of the District Court using CM/ECF
system which would then electronically notify all CM/ECF participants on this case.

Dated: February 6, 2015

                              /s/ C. Roskwitalski
                              C. Roskwitalski

# Exhibit A

SEARCH WARRANT

Pursuant to Section 690.05 Et Seq. of the Criminal Procedure Law

NEW YORK STATE SUPREME COURT
COUNTY OF ERIE, NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO: Any Erie County Sheriff's Deputy Assigned to the Police Services Division.

Proof, by affidavit, having been this day made before me, by
Detective Timothy Donovan and by in camera testimony of a confidential source
that there is probable cause to believe, Pursuant to Section 690.10 C.P.L. that
certain property is unlawfully possessed, TO WIT: heroin, a controlled substance
In violation of Article 220 of the New York State Penal Law

YOU ARE THEREFORE, COMMANDED, within 10 days of the date of issuance of this
WARRANT (during anytime of the day) to make an immediate search of the premises
located at 335 Hewitt Avenue, Buffalo, NY 14215, described as a single family 2
story dwelling, off white in color with white trim, and the numerals "335"
located to the right of the front door affixed to the residence;

And the person of Dijon Harris, a black male, date of birth 01/02/1967,
described as being approximately 5'11, and weighing approximately 200 lbs.;
for the following: heroin, in violation of Article 220 of the New York State
Penal Law, drug paraphernalia, proceeds from illicit drug trafficking and for
any personal papers or documents, cellular phones—photos and data therein, or
house keys which tend to identify the owner, lessee or whomever has custody or
control over the premises, or items seized, and records or evidence that tend to
demonstrate that an offense or crime was committed or that a particular person
participated in the commission of an offense or crime and seize said property
forthwith.

YOU ARE, THEREFORE, FURTHER COMMANDED to enter said premises, without
giving notice of authority and purpose pursuant to Section 690.35 of the
Criminal Procedure Law, and if you find the same or any part thereof, to bring
it forthwith before me at the Supreme Court, Erie the County of Erie, New York.

Dated at the said County of Erie, New York
the 5th day of September, 2014 at 2 35 PM

Honorable Judge Timothy J. Drury, JSC
New York State Supreme Court

DIJON_HARRIS_000000003

# Exhibit B

NEW YORK STATE SUPREME COURT
COUNTY OF ERIE, NEW YORK

IN THE MATTER OF

The application of Detective Timothy Donovan, Deputy Sheriff of Erie County, for a WARRANT authorizing the search of:

335 Hewitt Avenue, Buffalo, NY 14215, described as a single family 2 story dwelling, off white in color with white trim, and the numerals "335" located to the right of the front door affixed to the residence;

And the person of Dijon Harris, a black male, date of birth 01/02/1967, described as being approximately 5'11, and weighing approximately 200 lbs.; for certain property, to wit: heroin in violation of Article 220 of the New York State Penal Law, drug paraphernalia, proceeds from illicit drug trafficking, and any personal papers or documents or cellular telephones-photographs and data therein, and house keys which would tend to identify the owner, lessee or whomever has custody or control over the premises or items seized, or deemed to be records or evidence that tends to demonstrate that an offense or crime was committed, or that a particular person participated in the commission of an offense or crime, which property is unlawfully possessed, or has been used, or is possessed for the purpose of being used to commit the commission of an offense, or constitutes evidence or tends to demonstrate that an offense was committed or that a particular person participated in the commission of an offense or crime.

**STATE OF NEW YORK : COUNTY OF ERIE: SS:**

Timothy Donovan, being duly sworn, deposes and says:

1. I am a Detective of the Erie County Sheriff's Department assigned to the Narcotics and Intelligence Unit. I have been a police officer for approximately 9 years and during this time I have conducted numerous drug trafficking investigations.

2. a) Your affiant had received information from a confidential source, herein referred to as CS, that Dijon Harris is selling and storing quantities of heroin from his residence located at 335 Hewitt Avenue. The CS has purchased heroin from Harris at his residence within the past ten(10) days.

b) On 09/05/14 the confidential source was driven on Hewitt Avenue and did point out 335 Hewitt Avenue, Buffalo, NY 14215, as the target residence. On 09/05/14 the confidential source did also positively identified a booking photograph depicting Dijon Harris.

b) The said confidential source is familiar with heroin, its appearance, color, consistency and the manner in which it is packaged and sold. Further testimony to be developed during In-Camera testimony.

1) On September 5th, 2014, I brought the aforesaid confidential source before the Honorable Timothy J. Drury, the Judge issuing this warrant. Said cooperating source was fully and completely identified to Judge Drury and after being sworn, did testify under oath as to his/her knowledge concerning the persons, places, and things which are subject of this search warrant.

2) That a record of the in camera testimony of said cooperating source has been made and preserved.

3) It is requested that the identity of the cooperating source be kept secret because there is fear that disclosure of the cooperating source's identity would jeopardize the cooperating source's safety or usefulness at a later date.

3. Based upon my past experience it is further requested that said premises be entered pursuant to CPL 690.35 without giving notice of authority and purpose, upon the grounds that (a) there is a reasonable cause to believe that the items sought to be seized, heroin may be easily and quickly destroyed or disposed of if not seized forthwith; and (b) the giving of such notice may endanger the life or safety of the executing police officers. It is my experience that heroin may be easily flushed down the toilet or otherwise disposed of.

4. It is further requested the search be made executable pursuant to CPL 690.35 during anytime of the day.

5. It is further requested that the issuing Judge allow the seizure of any personal papers, documents or house keys which would tend to identify the owner, lessee or whomever has custody or control over the premises or items seized, or deemed to be records or evidence that tend to demonstrate that an offense or crime was committed, or that a particular person participated in the commission of an offense or crime, or any proceeds from the illicit drug trafficking.

Based upon the foregoing reliable information and of my personal knowledge as aforesaid, there is probable cause to believe that the following, heroin in violation of Article 220 of the New York State Penal Law, drug paraphernalia, proceeds from illicit drug trafficking, and any personal papers, documents or house keys which would tend to identify the owner, lessee or whomever has custody or control over the premises or items seized, or deemed to be records or evidence that tends to demonstrate that an offense or crime was committed, or that a particular person participated in the commission of an offense or crime, may be found at the above mentioned premises.

WHEREFORE, I respectfully request that the court issue a warrant and order of seizure in the form annexed authorizing the search of: 335 Hewitt Avenue, Buffalo, NY 14215, described as a single family 2 story dwelling, off white in color with white trim, and the numerals "335" located to the right of the front door affixed to the residence;

And the person of Dijon Harris, a black male, date of birth 01/02/1967, described as being approximately 5'11, and weighing approximately 200 lbs.;

during anytime of the day, without giving notice of my lawful purpose pursuant to CPL 690.35,

and directing that if such contraband or evidence, or any part thereof be found, that it be seized and brought before the court together with such other and further relief as the court may deem proper.

DIJON_HARRIS_000000005

No previous application in this matter has been made in this or any other court, or to any other Judge, Justice or Magistrate.

_____
Timothy Donovan, Detective
Erie County Sheriff's Office

Sworn to before me this 5th day of September, 2014

_____
Honorable Judge Timothy J. Drury, JSC
New York State Supreme Court

# Exhibit C

# PROPERTY RECEIPT

| | PROPERTY OF DECEASED | | FOUND PROPERTY | | TRIAL |
|---|---|---|---|---|---|
| | LABORATORY EVIDENCE | | STOLEN - RECOVERED | | OTHER |

**ERIE COUNTY SHERIFF'S OFFICE**
10 DELAWARE AVE.
BUFFALO, N.Y. 14202

| 3. CASE NO. | 90. TIME & DATE IMPOUNDED |
|---|---|
| 14-061549 | 9/5/14 |

91. ADDRESS WHERE PROPERTY IMPOUNDED (GIVE EXACT LOCATION WHERE PROPERTY WAS LOCATED) | 92. TYPE OF CASE
NY REG. GBA-1657 2011 Linc MKX RED | Narcotics

93. DISCOVERED BY (NAME) | ADDRESS | PHONE NO.
ECSO |  |

94. OWNER (NAME) | ADDRESS | PHONE NO.
Dijon Harris | 335 Hewitt Ave. Buffalo NY 14215 |

| 95. ITEM NO. | 96. QUANTITY | 97. DESCRIPTION |
|---|---|---|
| 1 | | "CRAZY CHEAP CARS" receipt bearing 2011 Lincoln MKX AWD VIN # 2LMDJ8JK5BBJ11531 at a sale price of $25,900.00 w/ a total of $25,000.00 cash due on delivery bearing Dijon Harris' signature w/ a date of 6/30/14 found in glove box by DET. Granville |
| 2 | | City of Buffalo treasury receipt dated 8/10/14 w/ Dijon Harris' signature for NY Reg GBA-1657 2011 Linc VIN # 2LMDJKJK5 BBJ11531 located in glove box by Det. Granville |
| 3 | | DELTA Sonic service receipt bearing Dijon Harris' name and address and 2011 Linc MKX Maroon VIN # 2LMDJKJK5BBJ11 w/ mileage of 46,707 63207 located in glove box by DET Granville |

I HEREBY ACKNOWLEDGE THAT THE ABOVE LIST REPRESENTS ALL PROPERTY TAKEN FROM MY POSSESSION AND THAT I HAVE RECEIVED A COPY OF THIS RECEIPT.

SIGNATURE
98.

I HEREBY ACKNOWLEDGE THAT THE ABOVE LIST REPRESENTS ALL PROPERTY IMPOUNDED BY ME IN THE OFFICIAL PERFORMANCE OF DUTY AS A DEPUTY SHERIFF.

DISTRICT OR DIVISION  Narcotics   BADGE NO. D67

IMPOUNDING DEPUTY

| 99. RECEIVED BY (SIGNATURE) | REASON | DATE & TIME RECEIVED |
|---|---|---|
| | | |
| 99. RECEIVED BY (SIGNATURE) | REASON | DATE & TIME RECEIVED |
| | | |
| 99. RECEIVED BY (SIGNATURE) | REASON | DATE & TIME RECEIVED |
| | | |
| 99. RECEIVED BY (SIGNATURE) | REASON | DATE & TIME RECEIVED |
| | | |

ECSD FORM 507 1/73 | 100. FINAL DISPOSITION | AUTHORITY | DATE & TIME OF DISPOSITION

DIJON HARRIS 000000033

# PROPERTY RECEIPT

**ERIE COUNTY SHERIFF'S OFFICE**
10 DELAWARE AVE.
BUFFALO, N.Y. 14202

☐ PROPERTY OF DECEASED   ☐ FOUND PROPERTY   ☐ TRIAL
☐ LABORATORY EVIDENCE   ☐ STOLEN - RECOVERED   ☐ OTHER

| 3. CASE NO. | 90. TIME & DATE IMPOUNDED |
|---|---|
| 14-061549 | 9/8/14 |

| 91. ADDRESS WHERE PROPERTY IMPOUNDED (GIVE EXACT LOCATION WHERE PROPERTY WAS LOCATED) | 92. TYPE OF CASE |
|---|---|
| NY Reg GRA-1657 2011 Linc MKX RED | Narcotics |

| 93. DISCOVERED BY (NAME) | ADDRESS | PHONE NO. |
|---|---|---|
| ECSO | | |

| 94. OWNER (NAME) | ADDRESS | PHONE NO. |
|---|---|---|
| Dijon Harris | 335 Hewitt Ave. Buffalo NY 14215 | |

| 95. ITEM NO. | 96. QUANTITY | 97. DESCRIPTION |
|---|---|---|
| 4 | | City of New York parking violation for NY Reg. GPN-5724 2014 Chrysler Town Country gray dated on 9/2/14 @ 11:28AM at 550 Fountain Ave located in rear of vehicle by Det. Granville |
| 5 | | TomTom GPS located in center console of vehicle by Det. Granville |

I HEREBY ACKNOWLEDGE THAT THE ABOVE LIST REPRESENTS ALL PROPERTY TAKEN FROM MY POSSESSION AND THAT I HAVE RECEIVED A COPY OF THIS RECEIPT.

SIGNATURE_____
98.

I HEREBY ACKNOWLEDGE THAT THE ABOVE LIST REPRESENTS ALL PROPERTY IMPOUNDED BY ME IN THE OFFICIAL PERFORMANCE OF DUTY AS A DEPUTY SHERIFF.

DISTRICT OR DIVISION _Narcotics_   BADGE NO. _D67_

IMPOUNDING DEPUTY _____

| 99. RECEIVED BY (SIGNATURE) | REASON | DATE & TIME RECEIVED |
|---|---|---|
| | | |
| 99. RECEIVED BY (SIGNATURE) | REASON | DATE & TIME RECEIVED |
| | | |
| 99. RECEIVED BY (SIGNATURE) | REASON | DATE & TIME RECEIVED |
| | | |
| 99. RECEIVED BY (SIGNATURE) | REASON | DATE & TIME RECEIVED |
| | | |

ECSD FORM 507 1/73   100. FINAL DISPOSITION   AUTHORITY   DATE & TIME OF DISPOSITION

# Exhibit D

SEARCH WARRANT

Pursuant to Section 690.05 Et Seq. of the Criminal Procedure Law

NEW YORK STATE SUPREME COURT
COUNTY OF ERIE, NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO: Any Police Officer

    Proof, by affidavit, having been this day made before me, by Detective Timothy Donovan and by in camera testimony of your affiant that there is probable cause to believe, Pursuant to Section 690.10 C.P.L. that certain property is unlawfully possessed, TO WIT: heroin, a controlled substance under Schedule II, Article 33 of the New York State Public Health Law.

YOU ARE THEREFORE, COMMANDED, within 10 days of the date of issuance of this WARRANT (during the day time) to make an immediate search of: New York registration GBA-1657, a red 2011 Lincoln MKX motor vehicle bearing vehicle identification number 2LMDJ8JK5BBJ11531, registered to Dijon Harris, date of birth 01/02/1967 at 335 Hewitt Ave., Buffalo, NY 14215.

for the following: heroin, in violation of Article 220 of the New York State Penal Law, drug paraphernalia, scales and packaging material, proceeds from illicit drug trafficking and for any personal papers or documents, cellular phones—photos and data therein, or house keys which tend to identify the owner, lessee or whomever has custody or control over the premises, or items seized, and records or evidence that tend to demonstrate that an offense or crime was committed or that a particular person participated in the commission of an offense or crime and seize said property forthwith.

    YOU ARE, THEREFORE, FURTHER COMMANDED to enter said premises, without giving notice of authority and purpose pursuant to Section 690.35 of the Criminal Procedure Law, and if you find the same or any part thereof, to bring it forthwith before me at the City Court, Erie the County of Erie, New York.

Dated at the said County of Erie, New York
the 8th day of September, 2014 at _12:45 pm_ M

_____
Honorable Timothy J. Drury, J.S.C.
New York State Supreme Court

DIJON_HARRIS_000000029

NEW YORK STATE SUPREME COURT
COUNTY OF ERIE, NEW YORK

IN THE MATTER OF

The application of Detective Timothy Donovan, Deputy Sheriff of Erie
County, for a WARRANT authorizing the search of:

New York registration GRA-1657, a red 2011 Lincoln MKX motor vehicle bearing
vehicle identification number 2LMDJ8JK5BBJ11531, registered to Dijon Harris,
date of birth 01/02/1967 at 335 Hewitt Ave., Buffalo, NY 14215.

for certain property, to wit: heroin in violation of Article 220 of the New York
State Penal Law, drug paraphernalia, proceeds from illicit drug trafficking, and
any personal papers or documents or cellular telephones-photographs and data
therein, and house keys which would tend to identify the owner, lessee or
whomever has custody or control over the premises or items seized, or deemed to
be records or evidence that tends to demonstrate that an offense or crime was
committed, or that a particular person participated in the commission of an
offense or crime, which property is unlawfully possessed, or has been used, or
is possessed for the purpose of being used to commit the commission of an
offense, or constitutes evidence or tends to demonstrate that an offense was
committed or that a particular person participated in the commission of an
offense or crime.

STATE OF NEW YORK : COUNTY OF ERIE: SS:

Timothy Donovan, being duly sworn, deposes and says:

1.  I am a Detective of the Erie County Sheriff's Ofice assigned to the
    Narcotics and Intelligence Unit. I have been a police officer for
    approximately nine (9) years and during this time I have
    conducted numerous drug trafficking investigations.

2. a) On Friday, 09/05/2014, at approximately 4:30 PM members of the Erie
County Sheriff's Office and Buffalo Police narcotics units' executed a search
warrant signed by New York State Supreme Court Judge Timothy J. Drury at 335
Hewitt Ave., Buffalo, NY, the residence of a black male identified as Dijon
Harris, date of birth 01/02/1967. Harris was located at this residence and
officers recovered in excess of two ounces of heroin, approximately one ounce of
crack cocaine, digital scales, packaging materials, a loaded .38 caliber
handgun, three long guns, and what was initially counted as in excess of
$120,000.00 in US currency. Harris' red 2011 Lincoln MKX motor vehicle was
located in the driveway of this residence upon execution of the search warrant
and subsequently removed to and secured at the ECSO office located at 45 Elm
St., Buffalo, NY. A subsequent interview of Harris after he was read his
Miranda Warnings revealed that he has used the above described 2011 red Lincoln
motor vehicle to transport heroin in and around Buffalo, NY and Erie County.
Harris identified a source of supply for heroin and indicated he would travel to
meet them in his red Lincoln to purchase heroin and then transport same back to
his residence. Dijon Harris, a four time convicted felon, was eventually

*HARRis has stated to Donovan that he has used the*
*Red Lincoln to transport heroin from 99 Long Lous View St —*
*Buffalo to his home at 335 Hewitt av B within* DIJON_HARRIS_00000030
*14 days (TD)* *TD*

transported to the Erie County Holding Center on multiple felony narcotics and weapons charges.

b) On Monday, 09/08/2014, at approximately 10:30 AM, ECSO K-9 Deputy Bradford Ballantyne and his K-9 Hayco responded to the ECSO office located at 45 Elm St., Buffalo, NY. Deputy Ballantyne and his K-9 Hayco did conduct a "walk-around" of the exterior of Dijon Harris' red Lincoln motor vehicle in a garage area and Hayco did give a positive indication for the presence of narcotics.

2.   It is further requested the search be made executable pursuant to CPL 690.35 during the day time.

3.   It is further requested that the issuing Judge allow the seizure of any personal papers, documents or house keys which would tend to identify the owner, lessee or whomever has custody or control over the premises or items seized, or deemed to be records or evidence that tend to demonstrate that an offense or crime was committed, or that a particular person participated in the commission of an offense or crime, or any proceeds from the illicit drug trafficking.

Based upon the foregoing information and of my personal knowledge as aforesaid, there is probable cause to believe that the following, heroin, in violation of Article 220 of the New York State Penal Law, drug paraphernalia, scales and packaging material, proceeds from illicit drug trafficking, and any personal papers, documents or house keys which would tend to identify the owner, lessee or whomever has custody or control over the premises or items seized, or deemed to be records or evidence that tends to demonstrate that an offense or crime was committed, or that a particular person participated in the commission of an offense or crime, may be found at the above mentioned premises.

WHEREFORE, I respectfully request that the court issue a warrant and order of seizure in the form annexed authorizing the search of: New York registration GBA-1657, a red 2011 Lincoln MKX motor vehicle bearing vehicle identification number 2LMDJ8JK5BBJ11531, registered to Dijon Harris, date of birth 01/02/1967 at 335 Hewitt Ave., Buffalo, NY 14215.

during the day time, without giving notice of my lawful purpose pursuant to CPL 690.35,

and directing that if such contraband or evidence, or any part thereof be found, that it be seized and brought before the court together with such other and further relief as the court may deem proper.

No previous application in this matter has been made in this or any other court, or to any other Judge, Justice or Magistrate.

Timothy Donovan, Detective
Erie County Sheriff's Department

Sworn to before me this 8th day of September, 2014

_____
Honorable Timothy J. Drury, J.S.C.
New York State Supreme Court

DIJON_HARRIS_000000032

# Exhibit E

## ATTACH TO ACCUSATORY INSTRUMENT

City of Buffalo      Court Docket No. _____

## PEOPLE OF THE STATE OF NEW YORK
### -VS-
DEFENDANT Dijon Harris     Indict. No. _____

**DISTRICT ATTORNEY**
**of ERIE COUNTY**

### NOTICE TO DEFENDANT OF INTENTION TO OFFER EVIDENCE AT TRIAL
### Sections 710.30 CPL and 700.70 CPL

**THE PEOPLE intend to offer at trial:**

**I. STATEMENTS BY DEFENDANT:** Evidence of a statement made by defendant to a **Public Servant** engaged in law enforcement activity or to a person then acting under his direction or in cooperation with .

- ☐ 1. Written Statement (attach copy)
- ☒ 2. Oral Statement (Specify: date, place, content and to whom made)

On Monday September 5th 2014 after executing a search warrant at the defendants residence located at 335 Hewitt Avenue, Buffalo, NY 14215, and after re-reading the defendant his Miranda Warnings and after the defendant was interviewed at 45 Elm Street and agreed to cooperate the defendant was placed in the rear of ECSO vehicle #4 and transported by Detectives Granville & Donovan. The defendant was driven on Longview Avenue and did point out 99 Longview Avenue, Buffalo, NY, as a placed where he meets Paula Goree to purchase large quantities of heroin. The defendant identified a booking photograph depicting Goree and also pointed at her vehicle lcoated deep in the driveway of 99 Longview Avenue. The defendant stated that he has known Goree for approximately three(3) years and that she travels to NYC to purchase anywhere from 400 grams to kilogram quantities of heroin. The defendant stated he would purhcase at a minimum of 100 grams of heroin from Goree at a time when he didn't travel to NYC to purchase heroin. The defendant stated that he would often meet Goree in his 2011 MKX (NY Reg. GBA-1657 red in color) and either meet at Dave & Busters located in Clarence, NY, or go right to 99 Longview Avenue. The defendant stated that if he traveled to Longview Avenue Goree would "pat" him down prior to him entering the residence. The defendant stated that he would then transport the drugs back to his residence. The defendant stated that the 2011 MKX red in color was his but sometimes his girlfriend would drive it. The defendant stated that when he would travel to NYC he would utilize rental vehicles that he would rent and in fact he had a van reserved as of this date to travel to NYC. The defendant stated that he does not work and hasn't for a long time.

**II. IDENTIFICATION OF DEFENDANT: Testimony identifying the Defendant as a person who committed the offense charged by witnesses who have identified him/her as such prior to arrest/ trial. Specifically:**

- ☐ 1. Post Crime Confrontation at or near Crime Scene/Hospital/Police Station
  Date _____ Place _____
- ☐ 2. Photograph Identification
  Date _____ Place _____
- ☐ 3. Line Up
  Date _____ Place _____
- ☐ 4. Observation of Defendant upon some other occasion relevant to case
  Date _____ Place _____

**III. EAVESDROPPING WARRANT:** Contents of an intercepted communication or evidence derived Therefrom.

- ☐ 1. Eavesdropping Warrant and accompanying Application for Eavesdropping Warrant (attach copies of both)

---

**FOR POLICE USE**      DIJON_HARRIS_000000022

City of Buffalo          Court Docket No. _____

# PEOPLE OF THE STATE OF NEW YORK
### -VS-
DEFENDANT Dijon Harris          Indict. No. _____

# DISTRICT ATTORNEY
## of ERIE COUNTY

## NOTICE TO DEFENDANT OF INTENTION TO OFFER EVIDENCE AT TRIAL
### Sections 710.30 CPL and 700.70 CPL

**THE PEOPLE intend to offer at trial:**

**I. STATEMENTS BY DEFENDANT:** Evidence of a statement made by defendant to a **Public Servant** engaged in law enforcement activity or to a person then acting under his direction or in cooperation with .

☐ 1. Written Statement (attach copy)

☒ 2. Oral Statement (Specify: date, place, content and to whom made)

On September 5th 2014 at approximately 4:40pm the defendant after having been mirandized by Det. Hawthorn was questioned in regard to his possession of both narcotics and firearms as well as the location of currency in his residence.

Det. Hawthorn question: We want to know where all of your narcotics are located in your residence?

Defendant answer: You guys found all of my drugs. They're all in here. There's nothing else in here.

Q: Are there any other drugs upstairs or outside of your room?

A: Na, all my shit is in here.

Q: Are there any guns in this house?

A: I got a shotgun upstairs.

Q: You just told me that there was one shotgun upstairs but other Detectives just said that there was three long guns upstairs?

A: Na, I told you that there was three guns upstairs.

Q: We just recovered a bunch of money out of your bedframe, is there any more money in here?

A: Theres some more money in the other part of the bed.

Q: How much money is here in total?

A: About 115,000.

Q: Are you sure that's all of it?

A: Yea, that's all of my money. I was just gonna get married.

Q: Is that your Lincoln out in the driveway?

A: Yea that's mine. I just traded another car in for that.

Q: Is it paid for?

A: Yea it's paid for.

**II. IDENTIFICATION OF DEFENDANT: Testimony** identifying the Defendant as a person who committed the offense charged by witnesses who have identified him/her as such prior to arrest/ trial. Specifically:

☐ 1. Post Crime Confrontation at or near Crime Scene/Hospital/Police Station
    Date _____  Place _____

☐ 2. Photograph Identification
    Date _____  Place _____

☐ 3. Line Up
    Date _____  Place _____

☐ 4. Observation of Defendant upon some other occasion relevant to case
    Date _____  Place _____

**III. EAVESDROPPING WARRANT:** Contents of an intercepted communication or evidence derived Therefrom.

DIJON_HARRIS_000000018

☐ 1. Eavesdropping Warrant and accompanying Application for Eavesdropping Warrant (attach copies of both)

---

### FOR POLICE USE

Arresting Agency: <u>Erie County Sheriff's Office</u>  Arresting Officers: <u>Detectives Hawthorn, Donovan,</u>
<u>Granville, Carney</u>  Unit: <u>Narcotics Unit</u>

---

### FOR COURT USE

Arraigning Court: _____  Defendant/Attorney: (name) _____
Served on (date): _____  Served by: (name) _____

DA-710.30 (rev.4/93) ECDA

DIJON_HARRIS_000000019

City of Buffalo     Court Docket No. _____

**PEOPLE OF THE STATE OF NEW YORK**      **DISTRICT ATTORNEY**
       **-VS-**                                **of ERIE COUNTY**

**DEFENDANT Dijon Harris**     Indict. No. _____

---

### NOTICE TO DEFENDANT OF INTENTION TO OFFER EVIDENCE AT TRIAL
#### Sections 710.30 CPL and 700.70 CPL

**THE PEOPLE intend to offer at trial:**

**I. STATEMENTS BY DEFENDANT:** Evidence of a statement made by defendant to a **Public Servant** engaged in law enforcement activity or to a person then acting under his direction or in cooperation with .

☐ 1. Written Statement (attach copy)
☒ 2. Oral Statement (Specify: date, place, content and to whom made)
     <u>On September 5, 2014 at 45 Elm Street in the City of Buffalo the defendant Dijon Harris stated to Sr.
Detective Rozansky, " Detective, you gotta help me, i'm fucked, please help detective, I got stuff I can give
you". This statement being uttered after defendant was already given his miranda warnings.</u>

**II. IDENTIFICATION OF DEFENDANT: Testimony identifying the Defendant as a person who
committed the offense charged by witnesses who have identified him/her as such prior to arrest/
trial. Specifically:**

☐ 1. Post Crime Confrontation at or near Crime Scene/Hospital/Police Station
     Date _____ Place _____
☐ 2. Photograph Identification
     Date _____ Place _____
☐ 3. Line Up
     Date _____ Place _____
☐ 4. Observation of Defendant upon some other occasion relevant to case
     Date _____ Place _____

**III. EAVESDROPPING WARRANT:** Contents of an intercepted communication or evidence derived
Therefrom.

☐ 1. Eavesdropping Warrant and accompanying Application for Eavesdropping Warrant (attach copies
     of both)

---

### FOR POLICE USE

Arresting Agency: <u>**Erie County Sheriff's Office**</u>
   Arresting Officers: <u>**Rozansky**</u> Unit: <u>**Narcotics and Intelligence Unit**</u>

---

### FOR COURT USE

Arraigning Court: _____    Defendant/Attorney: (name) _____
Served on (date): _____    Served by: (name) _____

DA-710.30 (rev.4/93) ECDA

DIJON_HARRIS_000000020

City of **Buffalo**          Court Docket No. _____

**PEOPLE OF THE STATE OF NEW YORK**                    **DISTRICT ATTORNEY**
          **-VS-**                                                                  **of ERIE COUNTY**
**DEFENDANT Dijon Harris**          Indict. No. _____

**NOTICE TO DEFENDANT OF INTENTION TO OFFER EVIDENCE AT TRIAL**
**Sections 710.30 CPL and 700.70 CPL**

**THE PEOPLE intend to offer at trial:**
**I. STATEMENTS BY DEFENDANT:** Evidence of a statement made by defendant to a **Public Servant**
    engaged in law enforcement activity or to a person then acting under his direction or in cooperation with .

- ☐ 1. Written Statement (attach copy)
- ☒ 2. Oral Statement (Specify: date, place, content and to whom made)
    On September 5, 2014, at the Erie County Sheriff's Narcotics Office located at 45 Elm St in the City
of Buffalo, and after being advised of his Miranda Rights by ECSO Detective Granville, the defendant was
interviewed by ECSO Det. Donovan and Det. Granville. The following is a synopsis of the conversation.
the defendant stated that he purchased approximately 50 grams of heroin from two black males that
transported the Heroin on a bus from New York City last night. The defendant also stated to Detectives that
he was still in possession of approximately 30 grams of Heroin which was recovered in his bedroom. The
defendant stated that there was approximately $30,000.00 and another $80,000.00 all concealed in two
separate bed posts in the back left bedroom where he was found during the execution of a search warrant at
his residence located at 335 Hewitt Ave Buffalo, NY by ECSO and BPD personnel.

**II. IDENTIFICATION OF DEFENDANT: Testimony identifying the Defendant as a person who**
    **committed the offense charged by witnesses who have identified him/her as such prior to arrest/**
    **trial. Specifically:**
- ☐ 1. Post Crime Confrontation at or near Crime Scene/Hospital/Police Station
    Date _____     Place _____
- ☐ 2. Photograph Identification
    Date _____     Place _____
- ☐ 3. Line Up
    Date _____     Place _____
- ☐ 4. Observation of Defendant upon some other occasion relevant to case
    Date _____     Place _____

**III. EAVESDROPPING WARRANT:** Contents of an intercepted communication or evidence derived
    Therefrom.

- ☐ 1. Eavesdropping Warrant and accompanying Application for Eavesdropping Warrant (attach copies
    of both)

**FOR POLICE USE**

Arresting Agency: **Erie County Sheriff Office** Arresting Officers: **Donovan/Granville** Unit: **Narcotics**
**Unit**

**FOR COURT USE**

Arraigning Court: _____     Defendant/Attorney: (name) _____
Served on (date): _____     Served by: (name) _____

DIJON_HARRIS_000000021

Arresting Agency: **Erie County Sheriff's Office** Arresting Officers: **Granville/Carney/Hawthorn** Unit: **Narcotics**

---

FOR COURT USE

Arraigning Court: _____   Defendant/Attorney: (name) _____
Served on (date): _____   Served by: (name) _____

DA-710.30 (rev.4/93) ECDA