UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,                                    **14-CR-177-RJA**

                    v.                                       **NOTICE OF MOTION**

DIJON HARRIS,
                    Defendant.

| | |
|---|---|
| **MOTION BY:** | John Humann, Senior Litigator, Attorney for Dijon Harris. |
| **DATE, TIME & PLACE:** | Before the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, Robert H. Jackson U. S. Courthouse, 2 Niagara Square, Buffalo, New York, **on the papers submitted.** |
| **SUPPORTING PAPERS:** | Affirmation of Senior Litigator John Humann, dated April 17, 2015. |

**RELIEF REQUESTED:**

1. Discovery pursuant to Federal Rules of Criminal Procedure, Rules 12 and 16;
2. Providing the Defendant with a Bill of Particulars pursuant to Federal Rules of Criminal Procedure, Rule 7(f);
3. Disclosure of Evidence pursuant to Federal Rules of Evidence 403, 404(b), and 609;
4. Disclosure of Experts pursuant to Federal Rules of Criminal Procedure, Rules 12 and 16;
5. USSG Information;
6. Suppression of illegally seized evidence pursuant to Rule 12;
7. Suppression of Statements;
8. Motion to search personnel files of Government Agent witnesses;
9. Motion for revelation of identity of informants;
10. Motion to preserve evidence;
11. Motion for Government disclosure pursuant to Rule 807;
12. Such other and further relief as this Court should deem proper.

**DATED:**                    Buffalo, New York, April 17, 2015.

                              Respectfully submitted,


                              **/s/John Humann**
                              John Humann
                              Senior Litigator
                              Federal Public Defender's Office
                              300 Pearl Street, Suite 200
                              Buffalo, New York 14202
                              (716) 551-3341
                              john_humann@fd.org
                              Attorney for Defendant Dijon Harris

**TO:**    Wei Xiang
           Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                          **14-CR-177-RJA**

              v.                                      **<u>AFFIRMATION</u>**

DIJON HARRIS,

               Defendant.
_____


      **JOHN HUMANN**, affirms under penalty of perjury that:


    1.      I am the attorney for the Defendant, Dijon Harris.


    2.      By the above-referenced Indictment, Mr. Harris is charged in Count 1 with Possession of Heroin with Intent to Distribute, 21 U.S.C. §841(a)(D); in Count 2, Maintaining Drug-Involved Premises, 21 U.S.C. §§ 856(a) (1) in Count 3 with Possession of Firearms in Furtherance of Drug Trafficking, 18 U.S.C. § 924 (c) (1) (A) (c); in Count 4 with Possession of Firearms by an Armed Career Criminal, 18 U.S.C. § 922 (g) (1) and 924 (e) and three Forfeiture Counts.


## I. DISCOVERY


    3.      The Defendant respectfully requests, that the following items be disclosed to the Defendant pursuant to Federal Rules of Criminal Procedure, Rule 16:

      a.     Any statements as well as "the substance of any oral statement" made by the Defendant to a Government Agent, including statements of the Defendant which may have been secretly recorded. *United States v. Bryant*, 448 F2d 1182 (DC Cir. 1971). As well as any agent's summaries concerning the substance of the Defendant's oral statements *United States v. Johnson*, 525 F.2d 999 (2d Cir. 1975).

      b.     The Defendant's prior criminal record and any prior similar or bad acts which the Government intends to introduce at trial.

      c.     Any documents, or tangible objects including drugs seized, which the Governments intends to use at trial, or is material to the defense, or was obtained from the Defendant, including source, date and time of recovery of such evidence.

      d.     All physical examinations, mental examination, scientific reports, test or experiments and all findings, scientific or technical data upon which such reports are based. *United States v. Bel-Mar Laboratories*, 284 F. Supp 875 (EDNY 1968).

4.     Production of *Jencks* Act material (18 U.S.C. 3500), *Brady* material and *Giglio* material [*Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972)] prior to trial to avoid "those abhorrent lengthy pauses at trial to examine documents." *United States v. Percevault*, 490 F.2d 126 (2d Cir. 1974). Defendant also requests that any *Brady* or *Giglio* material necessary to the preparation of the defense, not to be turned over as voluntary discovery, but immediately turned over to the defense. *Grant v. Aldredge*, 498 F. 376 (2d Cir. 1974).

      a.     The Defendant specifically requests that the statement of any known co-conspirators be produced as *Brady* material, if the Government intends to introduce them at trial. *Dennis v. United States*, 384 U.S. 855 (1966). The Defendant believes the Government will seek to attribute these statements to the Defendant under Federal Rules of Evidence 801 (d) (2) (E).

      b.     The Defendant also seeks any "negative exculpatory" statements as *Brady* materials pursuant to *Jones v. Jago*, 575 F.2d 1164 (6th Cir. 1978).

      c.     The Defendant, specifically, seeks any evidence that could be used to impeach Government witness pursuant to *Giglio*, specifically: any past, present or future benefits to Government witnesses as a result or in relation to their cooperation

with the prosecutor, prior convictions or juvenile adjudication attributable to witnesses to be called by the prosecution, including but not limited to "rap sheets" any threats, express or implied, or other coercive measures directed against any witness, such as threats of criminal prosecution, investigation or potential prosecution, and probationary, parole, deferred prosecution or custodial status of the witness; any information as to any prospective prosecution witness having a history of mental or emotional disturbance; any information that any prospective Government witness has a narcotic or other drug habit.

5. The identities and addresses of any Government informants. The Defendant asserts that he is entitled to know the identity of any informant who was a witness to, or who participated in the criminal transaction. *Rorlaro v. United States*, 353 U.S. 53 (1957).

## II. BILL OF PARTICULARS

6. The Defendant maintains that he is entitled to a Bill of Particulars as the Indictment fails to set forth the facts essential to inform him of the charges against him. *United States v. Panza*, 750 F. 2d 1141 (2d Cir. 1984).

7. The Defendant herein moves for particularization pursuant to Rule 7 (f) of the Federal Rules of Criminal Procedure:

   a. For each person identified by the Grand Jury as "known" to the Grand Jury, providing the identity of that person.

   b. What, if any, evidence seized by the Government constitutes an illegal substance and its total weight.

8. As the Court well knows, Rule 7(f) of Federal Rules of Criminal Procedure permits the Court to direct the filing of a bill of particulars. As recognized by the Second Circuit, a bill of particulars has three functions: (1) to inform the Defendant of the nature of the charge against him with sufficient

precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time

of trial; and (3) to enable him to plead his acquittal or conviction in bar of another prosecution for the

same offense when the indictment itself is too vague, indefinite for such purposes. *United States v.*

*Bortnovsky*, 820 F.2d 572 (2d Cir. 1987).

9.      In accordance with these principals, we request that the specified particulars be supplied as without

such information, counsel's ability to prepare a defense is significantly impaired and it is likely that prejudicial

surprise at trial will occur.

### III.  HEARING UNDER FEDERAL RULES OF EVIDENCE 403,404 (b) AND 609

10.      It is respectfully requested that this Court make an advance ruling pursuant to Federal Rules of

Evidence 403, 404 (b), and 609, prohibiting the Government's use of prior convictions or proof of the prior

commissions of other crimes, wrongs or acts, either in its direct case or to impeach the Defendant.

11.      In the event that an evidentiary hearing is necessary, this Defendant respectfully requests such a

hearing and the opportunity to present proof that the prejudicial effect of such evidence outweighs its probative

value.

12.      Moreover, it is requested that the Government be compelled to divulge any and all specific

instances of other crimes, wrongs or acts which it plans to use at the trial of this indictment for any other

reason under Federal Rules of Evidence 404 (b).

## IV.  DISCLOSURE OF EXPERTS

13.     Pursuant to Federal Rules of Criminal Procedure, Rules 12 and 16, the Defendant seeks disclosure of any expert witness reports obtained by the Government for use in the trial of this indictment, as well as the names of such experts, their qualifications, and a synopsis of their expert testimony.

## V.  U.S.S.G. INFORMATION

14.     Early disclosure of sentencing guideline information is essential to secure the Defendant's rights to effective assistance of counsel under the Sixth Amendment.

15.     The Defendant asserts that under *Brady v. Maryland*, 373 U.S. 83 (1963) the Government must disclose any information favorable to the Defendant regarding punishment.

16.     The Defendant requests the Court to order the Government to disclose prior to trial the following Sentencing Guidelines information:

   a.     The offense guideline or guidelines the Government presently represents is applicable to the charges against the Defendant:

   b.     The base offense level the Government presently represents is applicable to the charges against the Defendant, including a showing of the method by which the Government represents the charges should or should not be grouped;

   c.     Any aggravating specific offense characteristics the Government intends to seek as applicable to the charges against the Defendants;

   d.     Any Chapter Three "adjustments" regarding victim, role, obstruction, or acceptance of responsibility which the Government believes are applicable to the case;

   e.     Whether the Government intends to take a position that the "career offender" provisions of § 4B1.1 apply to the Defendant in the case;

-5-

f.      The Defendant's criminal history, including all judgments of conviction, sentence imposed thereon, all release dates from all committed sentences, and expiration dates of all terms of probation and parole;

g.      The grounds, if any, upon which the Government will argue for an upward modification from the applicable guideline range, including but not limited to any argument regarding the adequacy of the criminal history category as determined by § 4A1.3;

h.      The existence of any facts, information, or other evidence that could give rise to an argument for a downward departure from the applicable guideline range, included but not limited to the provisions of § 5 K;

i.      The weight of the cocaine and or cocaine base the Government will seek to use for sentencing purposes, whether actual or estimated and how that amount was foreseeable to the Defendant. If the weight is estimated, state the factual basis which supports this estimate;

j.      Whether the Defendant was a minor or minimal participant § 3B1.2;

k.      Whether the Defendant acted under duress or coercion not rising to a complete defense § 5K2.1.

## VI.  SUPPRESSION OF ILLEGALLY SEIZED EVIDENCE

17.      That Mr. Harris moves to suppress any and all evidence obtained through any and all illegal searches and seizure. Counsel was provided with a copy of the search warrant for the premises, which apparently was executed by various officers. The search warrant was signed by Supreme Court Judge Timothy J. Drury and was addressed to "Any Erie County Sheriff's Deputy Assigned to the Police Service Division." No other law enforcement agents were given permission by the issuing judge to enter in or search the premises.

18.      The search warrant was based upon the application of Erie County Sheriff's Detective Timothy Donovan. Detective Donovan indicated that a "confidential source" informed him that Defendant "is selling

and storing quantities of heroin from his residence located at 335 Hewitt Avenue. The CS has purchased

heroin from Harris at his residence within the past ten (10) days."

19.     Detective Donavan also indicated the "CS" had pointed out to him the Defendant's residence.

20.     Paragraph 2 (c) (1) of the application states:

> On September 5th, 2014, I brought the aforesaid confidential source before the Honorable Timothy J. Drury, the judge issuing this warrant. Said cooperating source was fully and completely identified to Judge Drury and after being sworn, did testify under oath as to his/her knowledge concerning the persons, places, and things which are subject of this search warrant.

21.     The officer also indicated that a record of the "*in camera*" testimony of the informant "has been

made and preserved."

22.     Counsel wishes that this Court order the prosecution to provide to the defense the "record" of the

*in camera* testimony of the informant. Counsel reserves his right to make further motions based upon the

information provided in the *in camera* records.

23.     There is no indication in the application whether the informant had actually walked into the

address of 335 Hewitt Avenue. As a consequence, there was no basis to believe that the informant had

purchased drugs from inside that premises. Rather, we believe that at best, the informant may have been to

the address without knowing where the alleged heroin could be located or where he/she made a purchase of

heroin.

24.     While the affidavit for the search warrant indicates that the informant was "reliable," no information was set forth to establish the reliability of the informant.

25.     During the search of the premises, an officer took Defendant's car keys, entered and searched Defendant's automobile, a 2011 Lincoln MKX, which was parked outside of the home. The vehicle was not covered under the search warrant for the premises.

26.      The officers, without a search warrant, consent or permission, entered Defendant's automobile, searched it and drove it away.

27.     Three (3) days later (09/08/14), the officer returned to Judge Drury to obtain a search warrant for the 2011 Lincoln MKX, long after they had already searched the vehicle.

28.     Therefore, all the reasons set forth herein, this Court should controvert the search warrants and suppress any evidence seized inside and or in the vehicle. We reserve our right to supplement this motion.

## VII.  STATEMENTS

29.     Mr. Harris has advised that when the officers came into the home, his person was seized, cuffed and was placed in the prone position on the floor in the bedroom on the first floor.  Defendant has advised that he has no recollection whatsoever of his being read any *Miranda* warnings.

30.     Mr. Harris has also stated that he was questioned while he was in custody and made various statements (*see* **Exhibit A**).

31.     Because the questioning was custodial, and because Mr. Harris has indicated he does not believe that any *Miranda* warnings were given to him, or warnings consistent with what counsel knows to be *Miranda* warnings, the statements must be suppressed.

32.     As a consequence, counsel asks that the Court conduct a hearing to determine the admissibility of any statements.

## VIII.  MOTION FOR SEARCH OF PERSONNEL FILES OF GOVERNMENT AGENT WITNESS

33.     The Defendant Harris hereby moves this Court, pursuant to provisions of Rule 12 of the Federal Rules of Criminal Procedure, and the Fifth and Sixth Amendments to the Constitution of the United States, for an Order requiring the Government, pursuant to the authority of *Kyles v. Whitely*, 514 U.S. 419 (1995) and *United States v. Payne*, 63 F.3d 1200 (2d Cir. 1995), to search the personnel files and the records of any Government agent or police witness in this case to determine whether there exists *Brady* or *Giglio* materials disclosed to the defense.

34.     Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the Government is required to disclose to the defense any and all evidence in its possession favorable to the Defendant on the issue of guilt or punishment.

In *Giglio v. United Stated*, 405 U.S. 150 (1972), the Supreme Court held that impeaching evidence which tended to show that a Government witness was not credible, was properly classified as *Brady* material. The Government's failure to produce such material was held to be in violation of *Brady* and the Due Process Clause of the Fifth Amendment.

35.        In *United States v. Kiszewski*, 877 F.2d 210 (2d Cir. 1989), the Second Circuit Court of Appeals recognized that such material may be contained within the personnel files of a Government witness, such as a police officer.  *See also United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984). Such material could include previous acts of misconduct, dishonesty, or facts constituting proof of bias, thereby constituting *Giglio* material. In the *United States v. Payne*, 63 that F.3d 1200 (2d Cir. 1995), the Second Circuit noted that the prosecution has a duty to learn of favorable evidence known by others acting on their behalf, including the police.  Citing, *Kyles v. Whitely*, 514 U.S. 419 (1995).  Similarly, in *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), the Ninth Circuit held that upon request, that the prosecutor has an obligation to review police witness personnel files for a determination as whether possible *Brady* materials exists, and to turn over such material if it does exist.  *See also United States v. Santiago*, 46 F.3d 885, 894-95 (9th Cir. 1995).

36.        In this case, pursuant to *Kyles* and *Payne*, the Defendant respectfully requests that the Court order the Government to undertake the review of the personnel files of any Government witness for *Brady* and *Giglio* material and to specifically seek evidence of acts of dishonesty, false statements, mental or emotional disorder or instability, bias prejudice, interest, corruption, or any evidence of a physical or mental infirmity or lack of capacity (for instance to observe, see or hear because of physical or health problems).

37.     In the event of the prosecution's finding of potentially discoverable material, the Defendant Harris requests that the files be given to the defense, or, in any event, submitted to the Court for an *in camera* review.

## IX.  MOTION FOR REVELATION OF
## IDENTITY OF INFORMANTS

38.     Defendant Harris hereby moves this Court, pursuant to the provisions of Rule 16 of the Federal Rules of Criminal Procedure and the Fifth Amendment to the United States Constitution, for an Order requiring the government to disclose the following information:

a.     The identity of any and all informants possessing information which may be material to Defendant's alleged guilt or innocence;

b.     The identity of any and all informants who were present at any of the events which are described in the instant indictment;

c.     Any and all government reports containing information received from any informant referenced above which may be material to the instant case.

39.     This motion is made on the grounds that the informants are witnesses to the allegations contained in the instant Indictment, and may also possess exculpatory and exonerating information. With respect to item number (c), Mr. Harris requests these reports on the grounds that to the extent he has been unable to review reports containing factual information relayed by that informant, he has been unable to lay proper factual foundation for the disclosure of the informant.  At a minimum, Defendant seeks to have all reports described above submitted *in camera* to the Court for review and subsequent disclosure to counsel.  In the event that the Court does not compel disclosure of this information and the identities of the informants, Defendant respectfully requests that all government reports be sealed and made part of the record in the instant case.

-11-

40.     In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623 (1957), the United States Supreme Court held that whenever an informant's testimony may be relevant and helpful to the accused's defense, his or her identity must be revealed.  The *Roviaro* Court set forth the following general standard for disclosure:

> Where the disclosure of an informant's identity or the contents of his communications is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the privilege must be waived.  In these situations, the trial court may require disclosure and, if the government withholds the information, dismiss the action.

*Roviaro v. United States, supra*, 353 U.S. at 60-61.

41.     The Court made clear that, while there is no fixed rule with respect to disclosure, four considerations are relevant:  (1) the crime charged; (2) the possible defenses; (3) the possible significance of the informant's testimony; and (4) other relevant factors.

42.     The "relevant and helpful" language of *Roviaro* has been interpreted by the Second Circuit "to require disclosure when it is material to the defense."  *DiBlasio v. Keane*, 932 F.2d 1038, 1041-1042 (2d Cir. 1991).  The *DiBlasio* Court recognized that:

> The judge must consider a number of factors in determining whether the informant's testimony is material:  "the crime charged, the possible defenses, the possible significance of the informant's testimony and other relevant factors."

*Citing*, *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089, 109 S.Ct. 1555 (1989), *quoting*, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623 (1957).

43.     Similarly, the Ninth Circuit requires disclosure of the identity of an informant when he or she is a percipient witness.  Thus, in *United States v. Cervantes*, the Court recognized that a "percipient witness" must be disclosed:

> The government acknowledges that the informant Duque was a percipient witness to the transaction.   It therefore supplied Cervantes with the informant's identity.   *See*, *Roviaro v. United States*.

*United States v. Cervantes*, 542 F.2d 773, 775 (9th Cir. 1976) (en banc).   The same result was reached in

*United States v. Hernandez*:

> In light of [the informant'[s] role in the narcotics transaction with which appellants were charged, it cannot be said that disclosure of Smith's identity would not have been "relevant or helpful" to the appellant's defense . . . Because [the informant] was a participant in the events that were critical to the prosecution's case, no claim could be raised under *Roviaro*, nor was it raised, that [the informant's] identity could be lawfully withheld from the appellants. [Citations omitted].

*United States v. Hernandez*, 608 F.2d 741, 744-745 (9th Cir. 1979); *see also*, *United States v. Miramon*, 443 F.2d 361, 362 (9th Cir. 1971).

44.     The law is also clear that where an informant's testimony is essential to a fair determination, the government may be required to disclose his identity and address, if any.   *United States v. Roberts,* 388 F.2d 646 (2d Cir. 1968).   *See also United States v. Anderson*, 509 F.2d 724 (9th Cir. 1975) (within the court's discretion to compel disclosure even when use of the informant goes only to probable cause).   Further, the need for disclosure and production of the informant is mandated when the indictment contains a conspiracy charge and the informant could have information regarding either knowing membership in the conspiracy or possible entrapment.   *United States v. Hiramon, supra; Lopez-Hernandez v. United States*, 394 F.2d 820 (9th Cir. 1968); *Alexander v. United States*, 362 F.2d 379 (9th Cir. 1966).

45.     Obviously, it is not Defendant, Harris' burden to prove what the informant would actually say if disclosed since the informant's unavailability makes that burden impossible to discharge in all cases.   *See, e.g., United States v. Hiramon,* where disclosure should have been made because the informant "might have

corroborated the (defendant's story)."  *Id*. at 362.  As stated by the Court in *United States v. Day:*  "No matter how inert his role of participation he might still possess information relevant to a fair determination of the issues."

46.     As to all informants, the defense is entitled to a revelation of their whereabouts and addresses prior to trial so that sufficient investigation into their background can be made.  As stated by the Court in *United States v. Hernandez*:

> We recognize that the address of a principal witness, as [the informant] most assuredly was, is an integral element of identity for without such information, little meaningful inquiry can be made into the background information affecting credibility.

*United States v. Hernandez*, 608 F.2d 741, at 745 (9th Cir. 1979).

47.     In this case, therefore, the location and present whereabouts of any and all informant[s] must be immediately disclosed so that an investigation may be made into the credibility and background of the informant[s] prior to trial.  Further, any purported government assertion that there is some unspecified danger to informant[s] is insufficient to justify withholding the information concerning his or her whereabouts.  As *Hernandez* makes clear, the decision concerning potential "danger" must be made only after an evidentiary hearing.  *Hernandez, supra*, 608 F.2d at 745, fn.3.

48.     Finally, the government's obligation is not fully satisfied by merely disclosing the identity and location of the informant[s].  The defense here specifically requests that the informant[s] be produced.  The Ninth Circuit has held that government has an obligation to "accomplish this or show that, despite reasonable efforts, it was not able to do so".  *United States v. Hart*, 546 F.2d 798, 799 (9th Cir. 1976) (en banc).  *See also United States v. Cervantes*, *supra; Velarde-Villa Real v. United States*, 354 F.2d 9 (9th Cir. 1965).

49.     For the reasons cited above, it is apparent that each of the informant[s] in this case is a material witness.  The government should be ordered to disclose the identity of that witness and his or her whereabouts, and to make those witnesses available to the defense.  Failure to do so would require dismissal of the case.

## X.  MOTION TO PRESERVE EVIDENCE

50.     Defendant Harris hereby moves this Court for an Order directing the Government to preserve and retain intact and not to destroy, alter or "misplace" any evidence, tangible papers, reports, objects or other information relating in any way to this indictment, including, but not limited to, the various information and materials requested by the accused through pre-trial motions filed herein.

51.     As grounds therefore, the accused shows, as follows:

a.      This motion does not demand, at this time, disclosure, discovery, inspection or production. It merely seeks to preserve evidence, directly admissible or otherwise and other information which may, at some future stage of the proceeding, be necessary or helpful to a proper resolution of this case consistent with the accused's theory of defense.

b.      Included in this motion, by way of illustration only, would be the following, and any and all information relating to the following:

i.      Evidence, reports, notes or other information arguably subject to disclosure, discovery, inspection or subpoena pursuant to Rules 6(e), 7(a) and 17 of the Federal Rules of Criminal Procedure;

ii.     Evidence, reports, notes or other information arguably subject to production or disclosure at trial pursuant to 18 U.S.C. § 3500 or Rules 612 or 613(a) of the Rules Evidence for the United States Courts and Magistrates; and

iii.    Evidence, reports, notes or other information arguable favorable or useful to the accused regarding their guilt or innocence or concerning impeachment of prosecution witnesses; and/or

iv.   Evidence, surveillance reports or witness interview notes and notes relative witnesses the prosecution does not intend to call at this time, but who the prosecution may wish to call as a witness at a pretrial hearing or a witness which the prosecution classifies as a "potential" or "prospective" witness at the trial itself.

c.   Any of the above in the direct or indirect or constructive possession, care, custody or control of the prosecution may be required for scrutiny by the Court or defense counsel during the proceedings.

The purpose of the attached motion is to preserve evidence. It is occasioned and necessitated by the administrative practice of alleged good-faith destruction of records by the Government, *see, e.g, United States v. Bufalino*, 576 F.2d 446 (2d Cir. 1978) (retention of "rough" drafts and notes of written reports made during the course of the investigation), and *United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976), and by the caution which experience teaches.

52.   The appropriate standard by which to gauge the Defendant's motion is a simple balancing test. The Defendant submits that the prosecution has no legitimate interest in the alteration or suppression of documents and little or no interest in their destruction. The incidental and slight burden which might be imposed upon the Government agencies involved by requiring them to retain their records intact as they pertain to this case until such time as the accused has an opportunity to inspect them is manifestly outweighed by their substantial interest in a fair trial and their right to due process of law. The nature and complexity of this case "tip" the scale even further in favor of granting the instant Motion. Indeed, the Defendant submits that the Government has an obligation to preserve all potentially discoverable evidence gathered in the course of a criminal investigation. *United States v. Bryant*, 439 F.2d 624 (D.C. Cir. 1971). Government notes of interviews with persons who are or may be witnesses, or with other persons who may have provided exculpatory evidence or information, are a type of material evidence which the Government must maintain. *United States v. Pollack*; *United States v. Harrison*, 524 F.2d 421 (D.C. Cir. 1975); *United States v. Johnson*, 521 F.2d 1318 (9th Cir. 1975). These matters are, in either

case, properly discoverable by the Defendant.

## XI.  MOTION FOR GOVERNMENT DISCLOSURE
## PURSUANT TO RULES 807

53.     Federal Rules of Evidence 807 provides that "a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant."

**WHEREFORE**, it is respectfully requested that an Order be entered granting the relief sought in this Notice of Motion and for such other and further relief as to this Court may seem just and proper, including leave to make further motions based on information received as a result of the within motion and other grounds not reasonably apparent to the Defendant.

**DATED:**        Buffalo, New York, April 17, 2015.

Respectfully submitted,

 **/s/John Humann**
John Humann
Senior Litigator
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York  14202
(716) 551-3341; (716) 551-3346 - FAX
john_humann@fd.org

**To:**   Wei Xiang                                                    Attorney for Defendant Dijon Harris
Assistant United States Attorney

-17-